IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CENLAR FSB,** | * | |
| Appellant, | * | |
|  | * | Case No. 1:24-cv-3329 |
| v. | * | |
| **ARLENE DELORES KLEMKOWSKI,** | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Currently pending is Cenlar FSB's Motion for Leave to File an Interlocutory Appeal of the Bankruptcy Court's Order. ECF 1. As explained below, the motion is DENIED, and this matter is REMANDED to the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court").

Arlene Delores Klemkowski (the "Debtor") filed in the Bankruptcy Court a petition for relief under chapter 13 of the Bankruptcy Code on January 19, 2022. *In re Klemkowsi*, Case No. 22-10257 (Bankr. D. Md.), ECF 1. On January 15, 2024, the Debtor filed a Motion to Require Creditor to Accept Electronic Payment, asking the Bankruptcy Court to compel creditor Citimortgage, Inc. and servicer Cenlar FSB (the "Servicer") to accept her monthly mortgage payments through the Servicer's website and online portal. *Id.*, ECF 46. The Servicer opposed the motion. *Id.*, ECF 49. Following a preliminary hearing on the motion and additional briefing, the Bankruptcy Court conducted an evidentiary hearing on August 15, 2024. After the hearing and supplemental briefing by the parties, the Bankruptcy Court issued a Memorandum Opinion and

1

Order invalidating the Servicer's post-petition denial of access to its online portal as a violation of 11 U.S.C. § 362(a)(3)[1] but left open the question of the appropriate remedy. *Id.*, ECF 94, 95. The Bankruptcy Court's decision was based in part on a finding that the Debtor had a pre-petition contractual right to use the Servicer's online portal. *Id.*, ECF 94 at 15. The Order further states that the Bankruptcy Court would conduct a hearing on the appropriate remedy for the Servicer's violation, providing the parties an opportunity to brief and be heard on that issue. *Id.*, ECF 95.

On November 14, 2024, the Servicer filed in this Court a Notice of Appeal and a Motion for Leave to File an Interlocutory Appeal of the Bankruptcy Court's Order. ECF 1, 2. The Debtor filed a response in opposition to the motion, ECF 3, and the Servicer filed a reply in support of the motion, ECF 6. The motion is ripe for disposition. No hearing is necessary.

"Interlocutory appeals are generally disfavored." *Li v. Chu*, No. 8:21-CV-2487-PX, 2022 WL 2116894, at *2 (D. Md. June 13, 2022), *aff'd in part, appeal dismissed in part sub nom. In re Chu*, No. 22-1751, 2023 WL 2610226 (4th Cir. Mar. 23, 2023) (citing *United States v. Under Seal*, 835 F.3d 706, 716 (4th Cir. 2017)). An appeal to the district court from a bankruptcy court's interlocutory order requires leave of the court. 28 U.S.C. § 158(a)(3). The decision whether to grant or deny leave to appeal an interlocutory bankruptcy order is "purely discretionary." *Prologo v. Flagstar Bank, FSB*, 471 B.R. 115, 129 (D. Md. 2012) (citing *In re M & S Grading, Inc.*, 526 F.3d 363, 371 (8th Cir. 2008)).

For the district court to grant leave, "the appellant must demonstrate 'that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *In re Pawlak*, 520 B.R. 177, 182 (D. Md. 2014) (quoting *Coopers*

---

[1] Under 11 U.S.C. § 362(a)(3), the Debtor's filing of her bankruptcy petition operates as an automatic stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]"

& *Lybrand v. Livesay*, 437 U.S. 463 (1978), and *KPMG Peat Marwick, L.L.P. v. Est. of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D. Va. 2000)). Specifically, "leave to file an interlocutory appeal should be granted only when 1) the order involves a controlling question of law, 2) as to which there is substantial ground for a difference of opinion, and 3) immediate appeal would materially advance the termination of the litigation." *Id.* (quoting *KPMG Peat Marwick*, 250 B.R. at 78); *see also* 28 U.S.C. § 1292(b). "A controlling question of law is a 'narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes.'" *Thomas v. Grigsby*, 556 B.R. 714, 721 (D. Md. 2016) (quoting *Prologo*, 471 B.R. at 130). "An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling legal issue." *HeiTech Servs., Inc. v. Rowe*, No. GJH-17-1319, 2017 WL 4838750, at *2 (D. Md. Oct. 24, 2017) (quoting *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 624 (D. Md. 2013)). "Mere disagreement with the Bankruptcy Court's decision will not suffice." *Li*, 2022 WL 2116894, at *2.

Here, the Servicer lists three issues for review on appeal from the Bankruptcy Court's Order:

> 1) Did the Bankruptcy Court err in holding that the Online Access Agreement constituted a valid and binding contract that granted a "right to use" to the Debtor? (Yes)
>
> 2) After finding that the Online Access Agreement constituted a valid and binding contract under which the Debtor had a "right to use" the Online Portal, did that right to use become property of the bankruptcy estate under 11 U.S.C. §541? (No)
>
> 3) By restricting Debtor's access to the Online Portal, did Cenlar violate the automatic stay under 11 U.S.C. §362? (No)

The first issue presented in the Service's motion is not a question of "pure law" and is therefore inappropriate for interlocutory appeal. *Prologo*, 471 B.R. at 130 (citation omitted). Questions of whether a contract exists and, if so, its terms generally present either issues of fact or

mixed issues of law and fact. *See Pereida v. Wilkinson*, 592 U.S. 224, 239 n.6 (2021) ("It is 'generally a question of fact for the jury whether or not a contract . . . actually exists.' . . . So too, '[w]hen a written contract is ambiguous, its meaning is a question of fact,' which may require looking to 'relevant extrinsic evidence.'" (quoting 11 R. Lord, Williston on Contracts §§ 30:3, 30:7 (4th ed. 2012)); *In re Carrington Gardens Assocs.*, 248 B.R. 752, 779 (Bankr. E.D. Va. 2000), *aff'd*, 258 B.R. 622 (E.D. Va. 2001), *aff'd sub nom. Carrington Gardens Assocs. v. United States*, 49 F. App'x 427 (4th Cir. 2002) ("The existence of such a contract is generally a mixed question of fact and law; however, the question of whether the requisite offer, acceptance, and consideration exists to make a valid contract is generally a factual matter."); *Homespire Mortg. Corp. v. Naghmi*, No. 278, Sept. Term, 2022, 2023 WL 4725756, at *5 (Md. App. July 25, 2023) ("[I]f it be claimed that an instrument of writing, although in form a complete agreement, was not intended by the parties to be binding upon them, the question as to whether or not the instrument was so intended is one for the jury.") (quoting *Gordy v. Ocean Park, Inc.*, 145 A.2d 273, 277–78 (Md. 1958)); *DirecTech Delaware, Inc. v. Allstar Satellite, Inc.*, No. 08-CV-3527, 2010 WL 1838573, at *3 (D.N.J. May 6, 2010) (stating, under New Jersey law, "[t]he question of whether a contract exists between two parties is fact-specific.") (citation omitted); *DiGiorgio Corp. v. Mendez & Co.*, 230 F. Supp. 2d 552, 561 (D.N.J. 2002) ("Contract interpretation often presents mixed questions of law and fact. . . . A dispute about the factual narrative giving rise to the alleged contract is a question of fact. . . .") (citations omitted).[2]

The facts concerning the parties' course of conduct are relevant to determine, for example, whether contractual terms are implied between the parties or whether terms of a written contract

---

[2] The Bankruptcy Court considered and applied the substantive law of both Maryland and New Jersey because Maryland is the forum state but the Online Access Agreement states that it is governed by New Jersey law. *See In re Klemkowsi*, Case No. 22-10257 (Bankr. D. Md.), ECF 94 at 13 n.19; *id.*, ECF 89-2 at 19.

have been modified. *See Dolan v. McQuaide*, 79 A.3d 394, 400 (Md. App. 2013) (holding that an implied contract may be founded upon parties' conduct); *In re Siegal*, 591 B.R. 609, 619 n.10 (Bankr. D. Md. 2018) ("Maryland courts . . . have recognized that the parties' conduct may amend or modify the written terms of a contract under certain circumstances.") (citations omitted); *DirecTech Delaware*, 2010 WL 1838573, at *3 ("[Under New Jersey law, an enforceable contract] may be evidenced by an express written document or implied from the parties' conduct and the surrounding circumstances.") (citations omitted).

Here, the Bankruptcy Court's conclusion that the Debtor had a pre-petition contractual right to use the Servicer's online portal was founded upon examination of the factual record developed at an evidentiary hearing and through supplemental submissions. *See In re Klemkowsi*, Case No. 22-10257 (Bankr. D. Md.), ECF 94 at 13–16, 18 n.31. The Bankruptcy Court considered not only written terms of the mortgage note and the Servicer's Online Access Agreement, but also extrinsic evidence presented by both parties bearing on the conduct of the parties surrounding the Debtor's use of the online portal. *See id.* at 6–10. Among other evidence, the court considered the Debtor's testimony regarding her pre-petition use of the Servicer's online portal to make monthly payments and her difficulties making post-petition payments through other means, finding this testimony to be credible and uncontroverted. *Id.* at 15. The Bankruptcy Court examined both written contractual language and extrinsic evidence and decided that binding terms of the Online Access Agreement included the Debtor's right to use of the online portal to make monthly mortgage payments. *Id.* at 13–16, 18 n.31. This decision was based on the court's findings of the Debtor's acceptance of the Servicer's offer and adequate consideration under both Maryland and New Jersey law. *Id.* at 18 n.31 (citing *Ford v. Genesis Fin. Sols., Inc.*, Civ. No. DLB-23-2156, 2024 WL 1340356, at *5 (D. Md. Mar. 28, 2024), and *Block v. Seneca Mortg. Servicing*, 221 F.

Supp. 3d 559, 572 (D.N.J. 2016). Thus, the primary issue upon which the Servicer seeks an appeal is a mixed question of law and fact and not a purely legal issue.

Having found that the Debtor had a pre-petition right to use of the Servicer's online portal to make monthly payments, the Bankruptcy Court next determined that the Debtor's right became part of the bankruptcy estate pursuant to 11 U.S.C. § 541 and, therefore, the Servicer's denial of access to the online portal violated the automatic stay under § 362(a)(3). *Id.* at 16–19. These conclusions, which the Servicer also seeks to challenge on appeal, were based upon the Bankruptcy Court's decision, as a matter of fact and law, that the Debtor had a pre-petition contractual right to use of the online portal. Because the primary issue regarding the Debtor's contractual right to online access is not appropriate for interlocutory appeal, the Court declines to grant leave for an interlocutory appeal on the legal issues concerning whether the Debtor's right is bankruptcy estate property and whether the denial of access of violates the automatic stay.

For the foregoing reasons, the Servicer's Motion for Leave to File an Interlocutory Appeal of the Bankruptcy Court's Order is denied, and this matter is remanded to the United States Bankruptcy Court for the District of Maryland. A separate Order follows.

  1/13/25     /S/
Date                                             Matthew J. Maddox
                                                 United States District Judge